## Abstract of the Decision.

1. LANDLORD AND TENANT, § 289*—*when tenant holding over liable for amount of rent fixed by landlord.* Where a tenant occupying premises under a verbal lease, paying rent from month to month, served notice of his intention to vacate at the end of the month and the landlord accepted such notice but offered to permit tenant to hold over a few months at a certain rental payable in advance, *held* that tenant by holding over for ten days after the time for vacating was liable for a month's rent at the rate specified by the landlord.

2. LANDLORD AND TENANT, § 188*—*when tenant not entitled to damages for failure of landlord to furnish power.* In an action on a verbal lease for rent of space in a building where the tenant claimed damages for failure of landlord to furnish power to run tenant's machinery, a judgment in favor of landlord disallowing damages *held* sustained by the evidence, it appearing that the lease only required the landlord to furnish such power as he had and his failure to furnish power resulted from an unavoidable breakdown of the landlord's power plant which occasioned only temporary cessation of power.

---

## Anna Drago, Appellee, v. The Prudential Insurance Company of America, Appellant.

### Gen. No. 18,691.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed January 22, 1914.

### Statement of the Case.

Action by Anna Drago against The Prudential Insurance Company of America, a corporation, to recover upon a policy of life insurance claimed to have been issued and delivered by the defendant upon the life of Marian E. Baum to the amount of $1,000, the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

plaintiff, the mother of the insured, being mentioned in the policy as beneficiary. Plaintiff's amended statement of claim alleged that said sum was due her under a term insurance contract issued in connection with an endowment policy. From a judgment in favor of plaintiff for $1,091.67, defendant appeals.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

ADLER & LEDERER, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 113*—*when delivery of policy to agent completes contract of insurance.* A delivery of an insurance policy to the agent is sufficient to complete the contract of insurance only where there is an unqualified acceptance of the application and a completed policy has been placed in the hands of the agent for delivery without condition.

2. INSURANCE, § 704*—*when exclusion of testimony as to instructions given agent when policy was delivered to him is prejudicial error.* In an action to recover on a term insurance contract where it appears that the insured never made application for term insurance and that the policy together with the term insurance contract were delivered to an agent of the insurance company, refusal of court to permit defendant's witnesses to testify as to what instructions were given to the agent when the policy was placed in his hands, *held* prejudicial error.

3. INSURANCE, § 704*—*when instruction assuming facts prejudicial.* In an action to recover on a term insurance contract, where the defense is that the insurer made application only for a twenty-year endowment policy, the giving of an instruction which assumes that the insured made application for term insurance *held* prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.